# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**BHP INC.,**
  *doing business as Global Power Components,*

  Plaintiff,

  v.  Case No. 18-CV-450

**TITAN ENERGY SYSTEMS INC.,**
  *doing business as Pioneer Critical Power,*

  Defendant.

# DECISION AND ORDER GRANTING
# PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

In July 2017, Pioneer Critical Power entered into a contract to purchase two generator enclosures from Global Power Components. GPC delivered the enclosures in December 2017, but Pioneer paid only 50% of the total purchase price. In March 2018, GPC filed suit in federal court, alleging that Pioneer's failure to pay the balance due constituted a material breach of the enclosure contract.

GPC has moved for summary judgment on liability. Pioneer opposes the motion, arguing that a genuine issue of fact exists as to whether GPC substantially performed its obligations under the contract. The Court disagrees. The undisputed facts demonstrate that GPC is entitled to judgment as a matter of law on its breach-of-contract claim. GPC's motion will therefore be granted.

## I. Background

BHP Inc., doing business as Global Power Components, is a Wisconsin corporation that designs, fabricates, and assembles custom products used for power generation, including fuel tanks, tank enclosures, trailers, and containers. *See* Amended Complaint ¶ 1, ECF No. 2; *see also* Plaintiff's Proposed Statement of Material Facts ¶ 1, ECF No. 24. Titan Energy Systems Inc., doing business as Pioneer Critical Power, is a Minnesota corporation that sells advanced equipment and service solutions for onsite emergency power. Am. Compl. ¶ 2; Pl.'s Facts ¶ 2.

On or about July 25, 2017, GPC provided a quote to Pioneer to sell two generator enclosures for use at the Camp Ripley project in Minnesota. Pl.'s Facts ¶ 3 (citing Exhibit A to Declaration of Marty Ring, ECF No. 25-1). Two days later, Pioneer accepted the quote by issuing a purchase order to GPC. Pl.'s Facts ¶ 8 (citing Exhibit C to Ring Decl., ECF No. 25-3. The purchase price for the two enclosures was $266,900.00. Pl.'s Facts ¶ 9. GPC invoiced Pioneer for the two enclosures on November 30, 2017, indicating that payment was due in 20 days. Pl.'s Facts ¶ 11 (citing Exhibit D to Ring Decl., ECF No. 25-4; Exhibit E to Ring Decl., ECF No. 25-5). The enclosures were shipped shortly thereafter. Pl.'s Facts ¶ 12. On January 12, 2018, Pioneer paid GPC 50% of the purchase price. Pl.'s Facts ¶ 13. Pioneer has not paid GPC the remaining 50%. Pl.'s Facts ¶ 14.

On March 21, 2018, GPC filed this diversity action against Pioneer. *See* Complaint, ECF No. 1. The matter was randomly assigned to this Court, and all parties consented to magistrate judge jurisdiction. *See* Consent to Proceed Before a

Magistrate Judge, ECF Nos. 8, 11 (citing 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73(b)). GPC claims that Pioneer breached the enclosure contract by failing to pay the remaining 50% of the purchase price, *see* Am. Compl. ¶¶ 14–16, and that, according to the terms and conditions of the contract, GPC is entitled to interest (1.25% per month) and attorney fees, *see* Am. Compl. ¶¶ 12–13, ; Pl.'s Facts ¶¶ 5–7, 15–17.

On September 21, 2018, GPC filed a motion for summary judgment on liability. *See* Plaintiff's Motion for Partial Summary Judgment, ECF No. 22. That Motion is now fully briefed and ready for disposition. *See* Plaintiff's Memorandum of Law in Support of Plaintiff's Motion for Partial Summary Judgment, ECF No. 23; Defendant's Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, ECF No. 31; Plaintiff's Reply Brief, ECF No. 32.

## II. Summary Judgment Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "Material facts" are those that, under the applicable substantive law, "might affect the outcome of the suit." *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute over a material fact is "genuine" "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

A moving party "is 'entitled to a judgment as a matter of law'" when "the nonmoving party has failed to make a sufficient showing on an essential element of

3

[its] case with respect to which [it] has the burden of proof." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Still,

> a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

*Id.* (internal quotation marks omitted).

To determine whether a genuine issue of material fact exists, the court must review the record, construing all facts in the light most favorable to the nonmoving party and drawing all reasonable inferences in that party's favor. *See Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003) (citing *Liberty Lobby*, 477 U.S. at 255). "However, [the court's] favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Fitzgerald v. Santoro*, 707 F.3d 725, 730 (7th Cir. 2013) (quoting *Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 306 (7th Cir. 2012)). That is, "to survive summary judgment, the non-moving party must establish some genuine issue for trial 'such that a reasonable jury could return a verdict' in her favor." *Fitzgerald*, 707 F.3d at 730 (quoting *Makowski v. SmithAmundsen LLC*, 662 F.3d 818, 822 (7th Cir. 2011)).

### III. Discussion

It is undisputed that Pioneer failed to pay the full purchase price for the generator enclosures it agreed to buy from GPC. The dereliction of that obligation constitutes a clear, material breach of the enclosure contract, which required payment in full within twenty days of November 30, 2017. *See Ranes v. Am. Fam.*

4

*Mut. Ins. Co.*, 580 N.W.2d 197, 200 (Wis. 1998) ("For a breach to be material, it must be so serious as to destroy the essential object of the agreement.") (citation omitted).[1]

Pioneer nevertheless argues that a genuine issue of material fact exists as to whether GPC substantially performed the contract. According to Brandon Martinson, General Manager of Pioneer, the enclosure doors were not in compliance with the contract at the time of delivery, and certain parts were water damaged due to GPC's improper installation. *See* Affidavit of Brandon Martinson, ECF No. 31-1. Mr. Martinson asserts that Pioneer had to expend a considerable sum of money to remedy those defects. *See id.*

The Court finds that Pioneer has failed to establish a genuine issue for trial such that a reasonable jury could return a verdict in its favor. *First*, Pioneer failed to comply with this District's Local Rules concerning summary-judgment practice. Pioneer didn't respond to GPC's proposed findings of fact, as required by Civil Local Rule 56(b)(2)(B)(i). Thus, GPC's proposed facts are deemed admitted "for the purpose of deciding summary judgment." *See* E.D. Wis. Civ. L. R. 56(b)(4). Those uncontroverted facts establish that GPC is entitled to summary judgment on its breach-of-contract claim. Pioneer also didn't submit "a statement . . . of any additional facts that require the denial of summary judgment," as required by Civil

---

[1] The parties appear to agree that Wisconsin law governs this diversity action. The briefs cite only Wisconsin statutes and case law, and GPC's terms and conditions specify that its quotes and resulting contracts "shall be interpreted and governed by the laws of the State of Wisconsin," *see* http://www.globalpowercomponents.com/fob-seller-facility.html.

Local Rule 56(b)(2)(B)(ii). Mr. Martinson's affidavit—the only evidence Pioneer submitted in its attempt to defeat summary judgment—is therefore procedurally ineffective because there are no factual statements for it to support. *See* E.D. Wis. Civ. L. R. 56(b)(2)(C) (referencing Fed. R. Civ. P. 56(c)). Accordingly, Pioneer has not sufficiently disputed any of GPC's facts.

*Second*, the Martinson affidavit does not create a genuine factual dispute. Mr. Martinson claims that Pioneer paid Magnus Enterprises, Inc., around $40,000 or $50,000 "to perform certain remedial work" on the generator enclosures. Martinson Aff. ¶ 3. But the attached Magnus Proposal is dated May 18, 2017—that is, more than nine weeks *before* GPC sent Pioneer its initial quote. *Compare* Exhibit 1 to Martinson Aff., ECF No. 31-1 at 3–4 *with* Ring Decl., Ex. A. Absent a premonition, the work performed by Magnus could not have been to remedy defects in the enclosures at issue here. Mr. Martinson also claims that Pioneer paid $6,805.80 to Rasinksi Total Door Service LLC "for the corrective action needed in order to bring the enclosure . . . doors into compliance with the contract." Martinson Aff. ¶ 4. However, the hardware described in the Rasinski Invoice does not appear to be listed in GPC's scope of supply. *Compare* Exhibit 2 to Martinson Aff., ECF No. 31-1 at 5 *with* Ring Decl., Ex. A. The attached documents therefore do not substantiate Mr. Martinson's claim that the alleged remedial work was necessary to bring the generator enclosures into compliance with the enclosure contract.

*Finally*, the alleged defects are immaterial to GPC's breach-of-contract claim because Pioneer has failed to present any evidence that it properly rejected the

6

generator enclosures as required under Wisconsin law. According to Wis. Stat. § 402.601, "if the goods or the tender of delivery fail in any respect to conform to the contract, the buyer may: (1) Reject the whole; or (2) Accept the whole; or (3) Accept any commercial unit or units and reject the rest." "An effective rejection of goods must be made within a reasonable time after the delivery of the goods and requires a timely notice to the seller of the defect." *Okray v. Kiser*, No. 79-1223, 1980 Wisc. App. LEXIS 3522, at *4 (Wis. Ct. App. Feb. 22, 1980) (citing Wis. Stat. § 402.602(1)). Goods are considered accepted when the buyer:

> (a) After a reasonable opportunity to inspect the goods signifies to the seller that the goods are conforming or that the buyer will take or retain them in spite of their nonconformity; or
>
> (b) Fails to make an effective rejection (s. 402.602 (1)), but such acceptance does not occur until the buyer has had a reasonable opportunity to inspect them; or
>
> (c) Does any act inconsistent with the seller's ownership; but if such act is wrongful as against the seller it is an acceptance only if ratified by the seller.

Wis. Stat. § 402.606(1). "The buyer must pay at the contract rate for any goods accepted." Wis. Stat. § 402.607(1). "When the buyer fails to pay the price as it becomes due, the seller may recover, *inter alia*, the price of goods accepted." *A. Raymond Tinnerman Mfg. v. Tecstar Mfg. Co.*, Case No. 12-CV-667-JPS, 2013 U.S. Dist. LEXIS 28953, at *9 (E.D. Wis. Mar. 4, 2013) (citing Wis. Stat. § 402.709(1)(a); *Menard, Inc. v. Liteway Lighting Prods.*, 698 N.W.2d 738, 753–54 (Wis. 2005)).

The undisputed facts show that Pioneer accepted the generator enclosures. GPC delivered the enclosures in early December 2017. Pioneer first indicated that

7

the enclosures were defective in its summary-judgment response, filed in October 2018. Ten-and-a-half months is not seasonable notice. Pioneer therefore accepted the enclosures by failing to make an effective rejection after having a reasonable opportunity to inspect them. *See* § 402.606(1)(b). Pioneer also arguably accepted the enclosures when it made the alleged repairs. *See* § 402.606(1)(c) (acts inconsistent with the seller's ownership). Because Pioneer accepted the enclosures, it was obligated to pay the contract rate. *See* § 402.607(1). Accordingly, Pioneer's failure to pay the full purchase price constituted a material breach of the enclosure contract, and GPC is entitled to the balance due plus interest and fees. *See* § 402.709(1)(a); *see also Cent. Soya Co. Inc. v. Epstein Fisheries, Inc.*, 676 F.2d 939, 944 (7th Cir. 1982) (explaining that, when a buyer accepts goods, the seller need not prove that the goods were not defective in an action to recover the purchase price).

## IV. Conclusion

For all the foregoing reasons, the Court finds that GPC is entitled to summary judgment on liability concerning its breach-of-contract claim.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment, ECF No. 22, is **GRANTED**.

Dated at Milwaukee, Wisconsin, this <u>19th</u> day of February, 2019.

**BY THE COURT:**

*s/ David E. Jones*
DAVID E. JONES
United States Magistrate Judge